UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-197-KSF

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                              **OPINION & ORDER**

ANSAR I. MCIVER                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the *pro se* motion of the defendant, Ansar I. McIver, to withdraw his guilty plea entered on March 25, 2008. [DE #54] The United States has filed its response objecting to McIver's motion. [DE #59]  Also before the Court is McIver's motion, by counsel, to continue sentencing, currently scheduled for June 6, 2008, for thirty days. [DE #60]

I.      **BACKGROUND**

On December 6, 2007, a federal grand jury for the Eastern District of Kentucky returned a two count indictment against McIver.  Count 1 charges McIver and a codefendant with one count of knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.  Count 2 charges McIver with knowingly and intentionally using a communication facility in committing, causing, and facilitating the commission of a drug felony, in violation of 21 U.S.C. § 843(b).  McIver pled not guilty to these charges on January 14, 2008, and this matter was set for trial on February 14, 2008.  McIver's motion to continue the trial was subsequently granted, and the trial was rescheduled for March 25, 2008.

1

On the morning of the trial, and with the jury pool having been summoned to the courthouse, McIver's counsel made a motion for rearraingment based on a written plea agreement entered into between the parties. [DE # 48, 49] Pursuant to the plea agreement, McIver entered a plea of guilty to Count 1 of the indictment, and Count 2 of the indictment was dismissed pursuant to the motion of the United States. The charges against McIver's co-defendant were subsequently dismissed. This matter is currently scheduled for sentencing on June 6, 2008.

## II.     MCIVER'S MOTION TO WITHDRAW GUILTY PLEA

McIver now moves the Court to withdraw his guilty plea. In support of his motion, McIver argues that he did not have time to consider the plea agreement, he was not provided discovery by his counsel, he wanted to enter a Rule 11(c) plea agreement, and he was confused when the plea was entered.

Rule 11(d) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea after the court accepts it, but prior to sentencing, only if "the defendant can show a fair and just reason." The Sixth Circuit has developed seven factors for courts to consider when deciding whether a defendant can provide "fair and just" reason for withdrawing his plea:

(1)     the amount of time that elapsed between the plea and the motion to withdraw it;

(2)     the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3)     whether the defendant has asserted or maintained his innocence;

(4)     the circumstances underlying the entry of the guilty plea;

(5)     the defendant's nature and background;

(6)     the degree to which the defendant has had prior experience with the criminal justice system; and

(7)     potential prejudice to the government if the motion to withdraw is granted.

*United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007); *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998); *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006); *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). These factors "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). McIver bears the burden to show a "fair and just" reason that would entitle him to withdraw his guilty plea. *Dixon*, 479 F.3d at 436.

While the first two factors weigh in favor of McIver since he promptly filed his motion to withdraw within days of entry of his guilty plea, the analysis of the remaining factors reveal that such relief is not warranted in this case. Other than his not guilty plea at his initial arraignment, McIver has not consistently asserted or maintained his innocence, as required by the third factor. Rather, at his rearraignment on March 25, 2008, McIver admitted in open court and in writing in his plea agreement that he committed the crime set out in Count 1 of the indictment.

Although McIver vaguely alleges he was "confuse[d]" and "dissatisfie[d]" when entering his guilty plea, the record reveals that McIver failed to inform the Court of any reason why his guilty plea should not be accepted. When asked whether he was fully satisfied with the counsel, representation, and advice rendered by his attorney, McIver answered "yes." He also responded "yes" when asked whether he understood the essential terms of the plea agreement and whether he understood the charge set out in Count 1. The transcript of proceedings also reveal that McIver admitted the factual basis of the § 841(a)(1) charge:

> Q.    So it is true that on or about April 30th, 2007, here in Fayette County, that you and Whitney Leath, aided and abetted by each other, knowingly and intentionally distributed a quantity of cocaine?
>
> A.    Yes, sir.
>
> Q.    How do you plead to the offense charged in Count 1 of the indictment, guilty or not

guilty?

(Defendant confers with counsel)

Mr. Spedding: Your Honor, Mr. McIver has just asked me and requested - he's requesting to enter his plea pursuant to Alford v. North Carolina.  I understand it's inconsistent with the - -

THE DEFENDANT: Well, I'll just plead guilty, since he says it's inconsistent.

Q.      All right.  You enter a plea of guilty to Count1?

A.      Yes Sir.

Later in the proceedings, the Court advised McIver as follows:

Q.      Mr. McIver, do you understand that you have a right to persist in your plea of not guilty and to take this case to trial.  As a matter of fact, there's a jury here waiting.

If you plead guilty, you will have waived your right to trial.  Included in your right to trial is the right to testify in your own defense if you elect to do so, but you can't be compelled to testify; and the right to secure process to compel attendance of witnesses to come in and testify for you.

If you plead guilty, you will have waived your right to trial, as well as other rights that are part of a trial.

Do you understand all of that?

A.      Yes, sir.

Turning to the remaining three factors, McIver's claim that he received ineffective assistance of counsel at the plea hearing is more appropriately pursued through a 28 U.S.C. § 2255 motion.  *See United States v. Snipes*, 236 Fed.Appx. 996, 1000 (6th Cir. 2007).  Nothing in McIver's nature or background supports allowing McIver to withdraw his guilty plea.  In fact,  McIver's familiarity with the criminal justice system based on his previous conviction of the felony drug offense of Possession of a Controlled Substance First degree by final judgment of the Fayette Circuit Court on or about April 8, 2004 weighs against him.  Although McIver alleges that his plea was made in haste, he had ample time to consider the charges against him and to weigh his alternatives, particularly in light of

4

the fact that he received a continuance in the original trial date.  McIver was a savvy defendant who was fully informed about the nature of his bargain.

Although the United States does not address whether any prejudice would result by allowing McIver to withdraw his guilty plea, McIver's failure to set forth a "fair and just" reason nullifies this factor.  McIver simply has not met his burden of establishing a "fair and just" reason for withdrawal of his guilty plea, and therefore, his motion will be denied.

## III.   MCIVER'S MOTION TO CONTINUE SENTENCING

McIver, by counsel, has also filed a motion to continue sentencing.  In support of his motion, McIver notes that the United States Probation Office must conduct a presentencing interview; however, McIver apparently is awaiting this Court's ruling on his motion to withdraw his guilty plea before submitting to the interview request.  Inasmuch as this Court will deny McIver's motion to withdraw his guilty plea, the motion to continue sentencing is now moot.

## IV.   CONCLUSION

For the foregoing reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     McIver's motion to withdraw his guilty plea [DE # 54] is **DENIED**; and

(2)     McIver's motion to continue sentencing [DE # 60] is **MOOT**.

This April 30, 2008.



**Signed By:**

*Karl S. Forester*  K S F
**United States Senior Judge**

5